UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 4:90-CR-10023-JLK-3/Becerra

UNITED STATES OF AMERICA,

v.

IVAN RODRIGO CAMPILLO RESTREPO,

    Defendant.
_____/

**REPORT AND RECOMMENDATION[1] ON DEFENDANT'S
MOTION TO REDUCE SENTENCE PURSUANT TO: 18 U.S.C. § 3582(c)(1)(A)(i)
"FIRST STEP ACT" AND MOTION FOR APPOINTMENT OF COUNSEL**

**THIS CAUSE** came before the Court on Defendant Ivan Campillo Restrepo's ("Defendant") *pro se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "Motion"). ECF No. [549]. The United States of America (the "Government") filed its Response to the Motion (the "Response"), ECF No. [554], and Defendant filed his Reply (the "Reply"), ECF No. [556]. In addition, Defendant also filed a Motion for Appointment of Counsel (the "Motion for Counsel"). ECF No. [552]. Upon due consideration of the Motion, the Motion for Counsel, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that Defendant's Motion and Motion for Counsel be **DENIED**.

**I.    BACKGROUND**

On September 12, 1990, a federal grand jury returned a four-count Indictment charging Defendant, and his co-conspirators, Juan Carlos Roa, Geovanni Alfonso-Casallas, Martha Otalvaro, Juan Modina, John Alzalta Torres, and Herman Giraldo-Perilla, with (1) conspiracy to

---

[1] This matter was referred to the undersigned by the Honorable James Lawrence King, United States District Judge. ECF No. [550].

import cocaine, in violation of 21 U.S.C. § 963 (Count I); (2) importation of cocaine, in violation of 21 U.S.C. § 952(a) (Count II); (3) conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (Count III); and (4) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count IV).  *See* ECF No. [1].  Following Defendant's trial, the jury returned a verdict of guilty as to Counts I, II, III, and IV.  ECF No. [85].  On December 22, 1992, the Court entered its judgment, sentencing Defendant to life imprisonment and five years' supervised release and imposing a $500,000 fine plus a $200.00 special assessment.  ECF No. [222].

On April 23, 1997, Defendant filed a motion to vacate under 28 U.S.C. § 2255, along with supporting and supplemental documents.  *See* ECF No. [296].  Following a full briefing, the Court issued an order denying the motion on August 26, 1998.  ECF Nos. [381], [391].  Defendant then filed a motion for reconsideration and a notice of appeal on September 10, 1998.  ECF No. [392].  Both the motion for reconsideration and the motion for certificate of appealability were denied.  ECF Nos. [394], [395].  The final order denying the motion was entered on August 30, 2000.  ECF No. [452].

From 2012 through 2016, Defendant filed a series of motions seeking post-conviction relief, to which the Government submitted responses.  *See* ECF Nos. [506]–[540].  The Court repeatedly found Defendant's arguments to be without merit and that Defendant's filings were "impermissible successive petition[s] for habeas corpus relief" and/or moot, and thus denied Defendant the sought-after relief.  *See, e.g.,* ECF Nos. [512], [519], [521], [536], [540].

On March 2, 2020, Defendant filed the instant Motion, requesting compassionate release

after the Federal Bureau of Prisons (the "BOP") denied his request. ECF No. [549].[2] In his Motion and Reply, Defendant argues that: (1) he is eligible for relief due to his age, time served, and various medical conditions; (2) COVID-19 presents serious concerns in prison settings; (3) courts may find other "extraordinary and compelling reasons" beyond those enumerated in the Sentencing Commission's policy statement that warrant release; (4) today, he "would have been sentenced to the substantially lower statutory maximum penalty of 20 years, for drug offenses without regard to quantity," due to changes in sentencing policies; and (5) Section 3553(a)'s factors weigh in his favor, particularly due to his positive prison record and the sentencing disparities between Defendant and his co-conspirators. *See* ECF Nos. [549], [556].

In response, the Government asserts that Defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c) because he has not demonstrated that he suffers from the type of medical condition(s) contemplated in the policy statement and thus cannot show extraordinary and compelling circumstances. ECF No. [554] at 4–5. Moreover, the Government argues that the Section 3553(a) factors do not weigh in Defendant's favor because he was "a manager and supervisor" of an international drug trafficking scheme and did not cooperate with law enforcement. *Id.* at 6.

## II.    ANALYSIS

Title 18, United States Code, Section 3582(c)(1)(A) permits a defendant to seek compassionate release after he has exhausted his administrative remedies within the Bureau of

---

[2] Defendant applied under the "Elderly Inmates without a Medical Condition" exception, as he was 68 years old and had completed more than ten years (twenty-eight, specifically) of his sentence. *See* ECF No. [549-1] at 9–24. The BOP denied his request, as Defendant had "not served the greater requirement of [10 years or] 75% of the term of imprisonment." *Id.* at 20. Then, upon Defendant's appeal, the BOP informed Defendant he was ineligible for "Home Confinement under the First Step Act" because he was not yet seventy years old and had an ICE detainer. *Id.* at 22.

Prisons. *See* 18 U.S.C. § 3582(c)(1)(A) (a court may modify a prison term after a defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility").[3] Once the administrative remedies have been exhausted, a court may grant compassionate release if it finds "extraordinary and compelling reasons" to modify that are consistent with Section 1B1.13 of the Sentencing Guidelines and modification is warranted after considering the Section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A)(i)–(ii); *United States v. Bryant*, 996 F.3d 1243, 1251, 1254 (11th Cir. 2021). The applicable policy statement issued by the Sentencing Commission provides that a court may reduce a term of imprisonment upon a determination that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(1)–(3); *Bryant*, 996 F.3d at 1258 (stating that "1B1.13 [is] an applicable policy statement for all Section 3582(c)(1)(A) motions, regardless of who files them"). In turn, the policy statement defines "extraordinary and compelling reasons" as follows:

> (A) Medical Condition of the Defendant.—
>   (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>   (ii) The defendant is—
>     (I) suffering from a serious physical or medical condition,
>     (II) suffering from a serious functional or cognitive impairment, or
>     (III) experiencing deteriorating physical or mental health because of the aging process,
>   that substantially diminishes the ability of the defendant to provide self-care

---

[3] Section 3582 was amended by the First Step Act of 2018 to permit prisoners to file motions for compassionate release directly with the Court. *See* Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

> within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>     (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>     (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, Application Note 1.

As an initial matter, it is undisputed that this Motion is properly before the Court because Defendant has exhausted all administrative remedies, as required by Section 3582(c)(1)(A). *See* ECF No. [549-1] at 24 (BOP's denial of Defendant's appeal). However, Defendant has not demonstrated extraordinary and compelling reasons that warrant compassionate release. Though Defendant sets forth arguments for relief under the age and "catch-all" provisions,[4] neither warrant a sentence modification.

First, Defendant argues he is eligible for relief under the age exception because he is over sixty-nine years old and has served approximately thirty years of his life sentence. While Defendant meets two of the three requirements for this exception, Defendant has failed to show he meets the third requirement, a "serious deterioration" in his health. Indeed, the policy statement

---

[4] *See United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003) ("Federal courts are obligated to look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework.").

provides that age is a compelling and extraordinary reason if the defendant is over 65 years old, *and* "is experiencing a serious deterioration in physical or mental health because of the aging process," *and* "has served at least 10 years or 75 percent of his or her term of imprisonment." U.S.S.G. § 1B1.13, Application Note 1.  Although Defendant cites to his pre-cancerous skin conditions, high blood pressure, prostate issues, arthritis, cholesterol, and eye problems, the medical records not only fail to show how any of the aliments satisfy the relevant legal standard, they reveal he has received treatment for his medical conditions.  *See* ECF No. [549] at 3; ECF No. [549-1].  As such, the only justification for release appears to be Defendant's age.  However, "age, without more, is not enough."  *United States v. Monaco*, 832 Fed. Appx. 626, 629 (11th Cir. 2020).  To be sure, Defendant has not demonstrated that the aging process has caused any serious deterioration in his physical or mental health, and "the policy statements do not support age alone as an extraordinary and compelling reason for compassionate release."  *Id.* at 630.

Second, Defendant argues that his health is at serious risk in prison due to the COVID-19 pandemic.  This argument also fails as generalized dangers of COVID-19 do not rise to the level of extraordinary and compelling circumstances under Section 3582(c).  Indeed, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."  *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *United States v. Parker*, No. 06-60130-CR, 2021 WL 2434270, at *3 (S.D. Fla. June 14, 2021) ("The Defendant argues that he has a high probability of being exposed to COVID-19 but the extensive availability of vaccines clearly rebuts that dated argument.").

6

Third, Defendant cites to various out-of-circuit cases in arguing that the Court has wide discretion to grant release under the "catch-all" exception where extraordinary and compelling circumstances beyond those enumerated in the policy statement exist. But the Eleventh Circuit has made clear that this "catch-all" provision only applies to BOP determinations. *See United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) ("Application Note 1(D) does not grant discretion *to courts* to develop 'other reasons' that might justify a reduction in a defendant's sentence.") (emphasis added). Moreover, Defendant's argument that his sentence should be reduced because "the drug amount used was never charged in the indictment nor found by the jury" is belied by the record. *See* ECF No. [556] at 2–3; *see also United States v. Restrepo*, No. 90-10023-CR, 2016 WL 9108191, at *5 (S.D. Fla. Mar. 18, 2016), *report and recommendation adopted sub nom. United States v. Campillo-Restrepo*, No. 90-10023-CR, 2016 WL 9108583 (S.D. Fla. Apr. 20, 2016), *aff'd*, 676 Fed. Appx. 948 (11th Cir. 2017) (denying Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) where changes to the Drug Quantity Table in U.S.S.G. § 2D1.1(c) would not result in a lower Guideline range for Defendant because the sentencing court made a specific finding that the conspiracy involved 500 kilograms of cocaine).

Fourth, even if Defendant were to have shown extraordinary and compelling circumstances weighing in favor of compassionate release, the Court must consider the Section 3553(a) factors, which include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant"; (3) "the kinds of sentences available"; (4) "the kinds of sentence and the sentencing range established"; (5) "any pertinent policy statement"; (6) "the need to avoid

unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (7) "the need to provide restitution to any victims of the offense." *See* 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a)(1)–(7).

Defendant "was one of the major players in this drug conspiracy" and in assigning a life sentence, "the sentencing court made a specific finding" that the jury found that Defendant had planned to carry 500 kilograms of cocaine into the United States. ECF No. [524-1] at 45; *Restrepo*, 2016 WL 9108191, at *2–3. Defendant argues there are "vast sentencing disparities" because "90% of the co-conspirators have been home over fifteen (15) years ago because they ple[d] guilty and the Movant exercised his right to a jury trial." ECF No. [556] at 2–3. But this is not enough to warrant compassionate release. *See United States v. Barberree*, No. 8:09-CR-266-VMC-AEP, 2021 WL 616049, at *3 (M.D. Fla. Feb. 17, 2021) ("[Defendant's] argument that his sentence was unfairly long compared to his co-defendants . . . does not constitute an extraordinary and compelling reason for compassionate release, especially as [Defendant] had the ability to address this issue on direct appeal) (internal citations omitted); *see also United States v. Romeu*, No. 4:91-CR-10021-JLK, 2021 WL 4190669, at *3 (S.D. Fla. Sept. 15, 2021) ("It is true other courts in the Southern District of Florida have granted compassionate release to defendants serving a life sentence for drug related offenses . . . . [but t]hose defendants had serious medical conditions that rose to the level of being 'extraordinary and compelling[]' . . . . [and a]t the time Defendant was sentenced, all similar defendants with similar records who have been found guilty of similar conduct did or should have been sentenced to life imprisonment.") (internal citations omitted). Thus, releasing Defendant now would not promote respect for the law, provide punishment for his offense, nor afford adequate deterrence.

8

Although the Court commends Defendant's disciplinary record while incarcerated and is sympathetic to aliments accompanying old age, his release now would undermine the goals of just punishment and general deterrence. Therefore, because the Court finds that the Section 3553(a) factors are inconsistent with Defendant's release, his Motion should be denied. Further, for the reasons discussed herein, Defendant's Motion for Appointment of Counsel should be denied as he is not eligible for relief under Title 18, United States Code, Section 3582(c)(1)(A).

### III.   CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Defendant's Motion for Compassionate Release, ECF No. [549], and Motion for Appointment of Counsel, ECF No. [552], be **DENIED**.

### IV.   OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Any request for an extension of this deadline must be made within seven (7) calendar days from the date of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on October 28, 2021.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE